**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 1 2 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRCT OF NEW YORK

---------------------------------------------------------------------x

DEBRA LAWSON

                           Plaintiff,

    -against-

THE CITY OF NEW YORK and JAMES COAN, as Captain,
Organized Crime Control Bureau; DAVIN, as Lieutenant,
Organized Crime Control Bureau; and ACRI, as Sergeant,
Organized Crime Control Crime Bureau, being sued individually
and in his official capacity as an employee of Defendant THE
CITY OF NEW YORK

                          Defendants'

---------------------------------------------------------------------x

**Complaint**

Jury Trial Demand

CV 10 - 5238

DEARIE, CH. J.

POLLAK, M.J

    The Plaintiff DEBRA LAWSON by her attorney The Sanders Firm, P.C., as and for

her Complaint against Defendants' THE CITY OF NEW YORK; JAMES COAN; DAVIN

and ACRI, respectfully set forth and allege that:

### INTRODUCTION

    This is an action for equitable relief and money damages on behalf of the Plaintiff DEBRA

LAWSON, (hereinafter referred to as "Plaintiff") who was being deprived of her statutory rights as

an employee as a result of the Defendants' THE CITY OF NEW YORK; JAMES COAN; DAVIN

and ACRI'S race and gender discrimination.

### JURISDICTION AND VENUE

    1.    The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§

1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

        a.    Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title

            VII") providing for injunctive and other relief against discrimination in

employment on the basis of race and gender;

b.    the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of State Law; and

c.    the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in his civil rights and the redress of deprivation of rights under color of law.

2.    The unlawful employment practices, violations of Plaintiff's civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

3.    The pendent jurisdiction of the federal district court is invoked with respect to the Plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-107, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the Plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PROCEDURAL REQUIREMENTS

4.    Plaintiff has filed suit with this Court within the applicable statute of limitations period.

5.    Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866 or the Civil Rights Act of 1871.

6.    On or about June 2, 2009, Plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

7.    On or about August 19, 2010, Plaintiff received a Dismissal and Notice of Right to Sue from the United States Department of Justice.

## PLAINTIFF

8.      Plaintiff DEBRA LAWSON is a female citizen of the United States of America and is over twenty-one (21) years of age, a resident of Bronx County and is an employee of Defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation, Defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer which is the CITY.

## DEFENDANTS'

9.      Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times  and is Plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the world.

10.     Defendant JAMES COAN as Captain, Organized Crime Control Bureau; DAVIN, as Lieutenant, Organized Crime Control Bureau; and ACRI, Sergeant, Organized Crime Control Bureau.

## BACKGROUND

11.     Plaintiff is an African-American female employee of the Police Department City of New York ("NYPD").

12.     Plaintiff alleges that Defendant CITY through its agents have a long history of discriminating against its minority officers.

13.     Plaintiff alleges that Defendant CITY through its agents have a long history of performing flawed and unfair internal investigations whenever minority officers complain about discrimination in the workplace.

14.    Plaintiff has been employed by the New York City Police Department since February 28, 1994.

15.    Plaintiff alleges that shortly after her appointment to the position of police officer, she was assigned as an Undercover Police Officer (hereinafter referred to as an "UPO") in the Organized Crime Control Bureau's, Firearms Investigation Unit (hereinafter referred to as "FIU").

16.    Plaintiff alleges that she performed as an "UPO" for approximately four (4) years.

17.    Plaintiff alleges that on or about November 5, 1998, she was promoted to Detective Third Grade.

18.    Plaintiff alleges that in or around November 2002, she was assigned to the Organized Crime Control Bureau's, Firearms Suppression Division (hereinafter referred to as the "FSD").

19.    Plaintiff alleges that on or about April 29, 2005, she was promoted to Detective Second Grade.

20.    Plaintiff alleges that on or about January 15, 2006, Captain DeWitt, Lieutenant Siev, and Defendant ACRI officially informed her that she was "flipped" and her status has been changed from an "UPO" to an Investigator Detective (hereinafter referred to as an "ID").

21.    Plaintiff alleges that "flipped" means being re-assigned from an "UPO" to an "ID" in the Organized Crime Control Bureau (hereinafter referred to as "OCCB").

22.    Plaintiff alleges that she was told by both Captain DeWitt and Lieutenant Siev that she would continue to work as an "UPO" although on paper she was an "ID."

23.    Plaintiff alleges that this is in direct conflict with Department policy.

24.    Plaintiff alleges that according to Department Policy, once an "UPO" is "flipped"

4

they no longer work as "UPO'S because of the safety factor of being recognized as a police officer.

25.    Plaintiff alleges that whenever the employee is a minority, the Department consistently violates its own policy.

26.    Plaintiff alleges that whenever the employee is Caucasian, the Department consistently follows its policy.

27.    Plaintiff alleges that from February 2006 until November 2008, there were approximately thirteen (13) ID'S Caucasian males assigned to the "FSD."

28.    Plaintiff alleges that during that same time period, there was NO MINORITY "ID'S.

29.    Plaintiff alleges that during that same time period, ALL MINORITIES were assigned as "UPO'S."

30.    Plaintiff alleges that throughout "OCCB" status as an "ID" is more desirable that an "UPO."

31.    Plaintiff alleges that although there was no monetary difference in the titles, status as an "ID" opens up greater promotional opportunities within "OCCB" and throughout the Department.

32.    Plaintiff alleges that as the only African-American and female "ID" she was treated drastically different by her supervisors than her Caucasian male counterparts.

33.    Plaintiff alleges that her status as an "ID" did not come with the same privileges as her Caucasian male counterparts.

34.    Plaintiff alleges that her Caucasian male counterparts refused to work cases with her.

35.    Plaintiff alleges that since her Caucasian male counterparts refused to work cases with her, she had to use the "UPO'S" that negatively impacted the quality of her investigations.

36.    Plaintiff alleges that her supervisors continued to assign her as an "UPO."

37.    Plaintiff alleges that on or about July 1, 2006, Lieutenant Siev ordered her to work a police detail in uniform.

38.    Plaintiff alleges that at the time, she was still being assigned as an "UPO."

39.    Plaintiff alleges that this is in violation in Department policy because of the possibility that a target may recognize her as a police officer.

40.    Plaintiff alleges that Lieutenant told her "Well, just wear some shades then because no one will recognize you."

41.    Plaintiff alleges that the Department consistently violates its own safety policy when the employees are minority.

42.    Plaintiff alleges that the Department consistently follow is safety policy when the employees are Caucasian.

43.    Plaintiff alleges that later that day she complained to DEA Delegates Dante Cavillio and Brian Hunt about this violation of Department policy.

44.    Plaintiff alleges that on or about July 10, 2006, both Captain DeWitt and Lieutenant yield at her for embarrassing them by complaining to DEA Delegates Cavillo and Hunt.

45.    Plaintiff alleges that on or about November 15, 2007, she was assigned to the Brooklyn Firearms Investigation Unit.

46.    Plaintiff alleges that from on or about July 10th 2006 through January 2007, she was ordered by Lieutenant Siev, Defendant ACRI and other police supervisors to ride with

"UPO'S" and/or Confidential Informants (hereinafter referred to as a "CI") daily as they purchased firearms.

47.   Plaintiff alleges that her role was to act as a "Ghost."

48.   Plaintiff alleges that on or about July 24, 2006, she was told by Steve Mshar, the supervisor of Manhattan District Attorney's Office, Homicide Investigation Unit that she could no longer buy for them because of she may be recognized by targets.

49.   Plaintiff alleges that she told Mr. Mshar that her police supervisors are upset with her because she voiced the very same concerns to them.

50.   Plaintiff alleges that in or around April 2007, being ordered by her police supervisors to working a "wire" for about two (2) months, after the "wire" was shut down, she continued to work as an "UPO."

51.   Plaintiff alleges that on or about May 14, 2007, she was ordered by her police supervisors to ride solo on a "CI" buy.

52.   Plaintiff alleges that such activity is prohibited by Department policy.

53.   Plaintiff alleges that on or about October 24, 2007, Defendant ACRI ordered her to ride again solo on a "CI" buy.

54.   Plaintiff alleges that police supervisors in "FSD" never order Caucasian males to ride solo on "CI" or any other undercover buys.

55.   Plaintiff alleges that on or about February 06, 2008, and going forward, Defendants' DAVIN and ACRI consistently falsified Department Tactical (hereinafter referred to as "TAC") Plans.

56.   Plaintiff alleges that Defendants' DAVIN and ACRI would alter them in such a manner to falsely create safety facts making it appear that she was working with the Caucasian

"ID'S", when in fact she was working with the "UPO'S."

57.     Plaintiff alleges that Defendants' DAVIN and ACRI would also falsely alter the "TAC" Plans to make it appear that she was riding with the Caucasian "ID'S", when in fact she was riding solo on "CI" and "UPO" buys.

58.     Plaintiff alleges that Defendants' DAVIN and ACRI never assigned Caucasian "ID'S" to ride solo on "CI" and undercover buys.

59.     Plaintiff alleges that on or about August 12, 2008, she was ordered into Defendant DAVIN'S office, Defendant ACRI was present.

60.     Plaintiff alleges that Defendants' DAVIN and ACRI *suggested* she transfer to the Manhattan District Attorney's Office.

61.     Plaintiff alleges that Defendants' DAVI and ACRI *suggested* that her activity as low.

62.     Plaintiff alleges that she told Defendants' DAVIN and ACRI that her activity was low because they only use her as an "UPO" instead of an "ID."

63.     Plaintiff alleges that Defendant DAVIN then *suggested* that she transfer closer to home for her children.

64.     Plaintiff alleges that Defendant DAVIN'S behavior is "sexist" because she never had a problem with her work.

65.     Plaintiff alleges that Defendant DAVIN would have never said that to a Caucasian male.

66.     Plaintiff alleges that she told Defendants' DAVIN and ACRI that she did not need to transfer out of the "FSD."

67.     Plaintiff alleges that on or about November 10, 2008, she was informed by

Defendant JAMES COAN, with Defendant DAVIN present, that her overtime would be cut if she does not increase her activity.

68.    Plaintiff alleges that Defendant JAMES COAN ordered her into his office Defendants' DAVIN and ACRI were present.

69.    Plaintiff alleges that Defendant JAMES COAN *suggested* that the "FSD" was "too" advanced for her.

70.    Plaintiff alleges that she was surprised by Defendant JAMES COAN'S comments.

71.    Plaintiff alleges that Defendant JAMES COAN *suggested* that she transfer to Narcotics, or a related unit.

72.    Plaintiff alleges that the aforementioned units are composed of primarily minority and female officers.

73.    Plaintiff alleges Defendant CITY since the early formation of the NYPD always and continues to over assign minorities and female officers to these units, where "ID'S" can be minorities and/or women.

74.    Plaintiff alleges that Defendant CITY through its Caucasian supervisors continually assign the more prestigious assignments such as an "ID" in the "FSD" of "OCCB" to other Caucasian males.

75.    Plaintiff alleges that on or about January 9, 2009, she suddenly transferred to the Gun Monitoring Unit.

76.    Plaintiff alleges that this transfer affected her salary, benefits, status and promotional opportunities.

77.    Plaintiff alleges that on or about January 20, 2009, she complained to the Office

of Equal Employment Opportunity (hereinafter referred to as "OEEO").

78.     Plaintiff alleges that about a month later she received a letter from "OEEO"

closing her case as "Unfounded."

79.     Plaintiff alleges that based on the foregoing, she was subjected to disparate

treatment in the terms, conditions and privileges of her employment in comparison to her

Caucasian male counterparts

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

80.     Plaintiff re-alleges Paragraphs 1 through 79 and incorporates them by reference as

Paragraphs 1 through 79 of Count I of this Complaint.

81.     Plaintiff alleges that Defendant CITY through its agents engaged in a pattern and

practice of discrimination against her with respect to the terms, conditions and privileges of

employment because of her race.

82.     Plaintiff alleges as part of its pattern and practice of employment discrimination,

Defendant' CITY through its agents treated Plaintiff in a manner indicative of race discrimination,

with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory

behavior.

83.     Plaintiff alleges that Defendant CITY knew or should have known about race

discrimination in the workplace because of their prior history of discriminatory conduct against

her and other similarly situated individuals.

84.     Plaintiff alleges that Defendant CITY failed and refused to take appropriate action

to end the discriminatory treatment and conditions which she was subjected to, which was

clearly motivated by race discrimination.

85.   Plaintiff alleges that as a result of the discriminatory acts of Defendant' CITY through its agents, she suffered depression and anxiety.

86.   Plaintiff alleges that Defendant acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at her and continued from in or around November 2005, until this day.

87.   Plaintiff alleges that as a result of the acts of Defendant CITY through its agents under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
## GENDER DISCRIMINATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

88.   Plaintiff re-alleges Paragraphs 1 through 87 and incorporates them by reference as Paragraphs 1 through 87 of Count II of this Complaint.

89.   Plaintiff alleges that Defendant CITY through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of her gender.

90.   Plaintiff alleges that as part of its pattern and practice of employment discrimination, Defendant' CITY through its agents treated her in a manner indicative of gender discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

91.   Plaintiff alleges that Defendant CITY knew or should have known about gender discrimination in the workplace because of their prior history of discriminatory conduct against

11

her and other similarly situated individuals.

92.    Plaintiff alleges that Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which she was subjected to, which was clearly motivated by gender discrimination.

93.    Plaintiff alleges that as a result of the discriminatory acts of Defendant CITY through its agents, she suffered depression and anxiety.

94.    Plaintiff alleges that Defendant acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at Plaintiff and continued from in or around November 2005, until this day.

95.    Plaintiff alleges that as a result of the acts of Defendant CITY through its agents under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT III
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

96.    Plaintiff re-alleges Paragraphs 1 through 95 and incorporates them by reference as Paragraphs 1 through 95 of Count III of this Complaint.

97.    Plaintiff alleges that Defendant CITY through its agents engaged in various retaliatory actions against Plaintiff as a result of her opposition to race and gender discrimination and as a result of her filing such complaints with the OEEO and the EEOC.

98.    Plaintiff alleges that as a result of the illegal acts of Defendant CITY through its agents, she suffered depression and anxiety.

## COUNT IV

## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

99.    Plaintiff re-alleges Paragraphs 1 through 98 and incorporates them by reference as Paragraphs 1 through 98 of Count IV of this Complaint.

100.    Plaintiff alleges that Defendant CITY through its agents engaged in various severe and hostile actions towards her as a result of her opposition to race and gender discrimination and as a result of her filing such complaints with the OEEO and the EEOC.

101.    Plaintiff alleges that as a result of the severe and hostile acts of the Defendant CITY through its agents, she suffered depression, anxiety and loss of job opportunities.

## COUNT V
## FAILURE TO PROMOTE
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

102.    Plaintiff re-alleges Paragraphs 1 through 101 and incorporates them by reference as Paragraphs 1 through 101 of Count V of this Complaint.

103.    Plaintiff alleges that Defendant CITY through its agents engaged in various severe and hostile actions against her causing her to be denied a rightly earned promotion to Detective First Grade as a result of her opposition to race and gender discrimination.

104.    Plaintiff alleges that as a result of the aforesaid acts, depriving her of her rights, she suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT VI
## RACE DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

105.    Plaintiff re-alleges Paragraphs 1 through 104 and incorporates them by reference as

Paragraphs 1 through 104 of Count VI of this Complaint.

106.   Plaintiff alleges that by the aforesaid discriminatory acts and omissions of

Defendants' CITY; JAMES COAN; DAVIN and ACRI acting individually and in their official

capacities as public officials of Defendant CITY interfered with her right to enforce contracts

under the color of state law because of her race.

107.   Plaintiff alleges that the purpose of Defendants' CITY; JAMES COAN; DAVIN

and ACRI in so acting was to prevent her, through economic and psychological intimidation,

from seeking the equal protection of the laws.

108.   Plaintiff alleges that pursuant to their conduct, Defendants' CITY; JAMES

COAN; DAVIN and ACRI acted to deprive her of her civil rights, by repeated and insidious acts

of harassment, intimidation, bad faith and threats.

109.   Plaintiff alleges that as a result of the aforesaid acts, depriving Plaintiff of her

civil rights, she suffered mental anguish, emotional distress, loss of employment opportunities,

and other monetary damages.

## COUNT VII
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

110.   Plaintiff re-alleges Paragraphs 1 through 109 and incorporates them by reference as

Paragraphs 1 through 109 of Count VII of this Complaint.

111.   Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI

engaged in various retaliatory actions against her acting individually and in their official

capacities as public officials of Defendant CITY as a result of her opposition to race

discrimination.

112.   Plaintiff alleges that the purpose of Defendants' CITY; JAMES COAN; DAVIN

and ACRI in so acting was to prevent her, through economic and psychological intimidation, from seeking the equal protection of the laws.

113.    Plaintiff alleges that pursuant to their conduct, Defendants' CITY; JAMES COAN; DAVIN and ACRI acted to deprive her of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

114.    Plaintiff alleges that as a result of the aforesaid acts, depriving her of her civil rights, she suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

**COUNT VIII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

115.    Plaintiff re-alleges Paragraphs 1 through 114 and incorporates them by reference as Paragraphs 1 through 114 of Count VIII of this Complaint.

116.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI engaged in various severe and hostile actions against her acting individually and in their official capacities as public officials of Defendant CITY as a result of her opposition to race discrimination.

117.    Plaintiff alleges that the purpose of Defendants' CITY; JAMES COAN; DAVIN and ACRI in so acting was to prevent her, through economic and psychological intimidation, from seeking the equal protection of the laws.

118.    Plaintiff alleges that pursuant to their conduct, Defendants' CITY; JAMES COAN; DAVIN and ACRI acted to deprive her of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

119.    Plaintiff alleges that as a result of the aforesaid acts, depriving her of her civil

rights, she suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT IX
## FAILURE TO PROMOTE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

120.    Plaintiff re-alleges Paragraphs 1 through 119 and incorporates them by reference as Paragraphs 1 through 119 of Count IX of this Complaint.

121.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI engaged in various severe and hostile actions against her causing her to be denied a rightly earned promotion to Detective First Grade as a result of her opposition to race discrimination.

122.    Plaintiff alleges that the purpose of Defendants' CITY; JAMES COAN; DAVIN and ACRI was to prevent her, through economic and psychological intimidation, from seeking the equal protection of the laws.

123.    Plaintiff alleges that pursuant to their conduct, Defendants' CITY; JAMES COAN; DAVIN and ACRI acted to deprive her of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

124.    Plaintiff alleges that as a result of the aforesaid acts, depriving her of her civil rights, she suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT X
## RACE DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

125.    Plaintiff re-alleges Paragraphs 1 through 124 and incorporates them by reference as Paragraphs 1 through 124 of Count X of this Complaint.

126.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI under color of law, personally interfered with and deprived her of her constitutional rights, including the rights to petition her government for redress of her grievances and to be free from deprivation of life, liberty, and property without due process of law.

127.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI acting individually and in their official capacities as a public officials of Defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

128.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

129.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around November 2005, until this day.

130.    Plaintiff alleges that as a result of the acts of Defendants' CITY; JAMES COAN; DAVIN and ACRI under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XI**
**GENDER DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

131.    Plaintiff re-alleges Paragraphs 1 through 130 and incorporates them by reference

as Paragraphs 1 through 130 of Count XI of this Complaint.

132.   Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI under color of law, personally interfered with and deprived her of her constitutional rights, including the rights to petition her government for redress of her grievances and to be free from deprivation of life, liberty, and property without due process of law.

133.   Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI acting individually and in their official capacities as a public officials of Defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

134.   Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

135.   Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around November 2005, until this day.

136.   Plaintiff alleges that as a result of the acts of Defendants' CITY; JAMES COAN; DAVIN and ACRI under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XII**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

137.    Plaintiff re-alleges Paragraphs 1 through 136 and incorporates them by reference as Paragraphs 1 through 136 of Count XII of this Complaint.

138.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI under color of law, personally interfered with and deprived her of her constitutional rights, including the rights to petition her government for redress of her grievances and to be free from deprivation of life, liberty, and property without due process of law.

139.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI acting individually and in their official capacities as a public officials of Defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

140.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

141.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around November 2005, until this day.

142.    Plaintiff alleges that as a result of the acts of Defendants' CITY; JAMES COAN; DAVIN and ACRI under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

143.    Plaintiff re-alleges Paragraphs 1 through 142 and incorporates them by reference as Paragraphs 1 through 142 of Count XIII of this Complaint.

144.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI under color of law, personally interfered with and deprived her of her constitutional rights, including the rights to petition her government for redress of her grievances and to be free from deprivation of life, liberty, and property without due process of law.

145.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI acting individually and in their official capacities as a public officials of Defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

146.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

147.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around November 2005, until this day.

148.    Plaintiff alleges that as a result of the acts of Defendants' CITY; JAMES COAN; DAVIN and ACRI under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and

other costs of pursuing the claims herein.

## COUNT XIV
## FAILURE TO PROMOTE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

149.    Plaintiff re-alleges Paragraphs 1 through 148 and incorporates them by reference as Paragraphs 1 through 148 of Count XIV of this Complaint.

150.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN; and ACRI under color of law personally interfered with and deprived her of her constitutional rights, and statutory rights to be promoted to Detective First Grade because of her opposition to race and gender discrimination.

151.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI acting individually and in their official capacities as a public officials of Defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

152.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

153.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around November 2005, until this day.

154.    Plaintiff alleges that as a result of the acts of Defendants' CITY; JAMES COAN; DAVIN and ACRI under color of law, she suffered emotional distress, monetary damage, and

incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XV
## ABUSE OF AUTHORITY
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

155.    Plaintiff re-alleges Paragraphs 1 through 154 and incorporates them by reference as Paragraphs 1 through 154 of Count XV of this Complaint.

156.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI under color of law, personally interfered with and deprived her of her constitutional rights, including the rights to petition her government for redress of her grievances and to be free from deprivation of life, liberty, and property without due process of law.

157.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI acting individually and in their official capacities as a public officials of Defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

158.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

159.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around November 2005, until this day.

160.    Plaintiff alleges that as a result of the acts of Defendants' CITY; JAMES COAN;

DAVIN and ACRI under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XVI
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

161.    Plaintiff re-alleges Paragraphs 1 through 161 and incorporates them by reference as Paragraphs 1 through 161 of Count XVI of this Complaint.

162.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

163.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI discriminated against her because of her race.

164.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY; JAMES COAN; DAVIN and ACRI, she suffered the indignity of race discrimination and great humiliation.

165.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI'S violations caused her damage.

## COUNT XVII
## GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

166.    Plaintiff re-alleges Paragraphs 1 through 165 and incorporates them by reference as Paragraphs 1 through 165 of Count XVII of this Complaint.

167.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

168.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI discriminated against her because of her gender.

169.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY; JAMES COAN; DAVIN and ACRI, she suffered the indignity of gender discrimination and great humiliation.

170.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI'S violations caused her damage.

**COUNT XVIII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

171.    Plaintiff re-alleges Paragraphs 1 through 170 and incorporates them by reference as Paragraphs 1 through 170 of Count XVIII of this Complaint.

172.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race and/or gender.

173.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

174.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI engaged in various retaliatory actions against her as a result of her opposition to race and gender discrimination and as a result of her filing such complaints with OEEO and the EEOC.

175.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY; JAMES COAN; DAVIN and ACRI, she suffered the indignity of

race and gender discrimination and great humiliation.

176.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI'S

violations caused her damage.

**COUNT XIX**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

177.    Plaintiff re-alleges Paragraphs 1 through 176 and incorporates them by reference

as Paragraphs 1 through 176 of Count XIX of this Complaint.

178.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment because

of their race and/or gender.

179.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where

race and gender discrimination and/or retaliation are encouraged and/or tolerated.

180.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI

engaged in various hostile actions against her as a result of her opposition to race and gender

discrimination and as a result of her filing such complaints with OEEO and the EEOC.

181.    Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of Defendants' CITY; JAMES COAN; DAVIN and ACRI, she suffered the indignity of

race and gender discrimination and great humiliation.

182.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI'S

violations caused her damage.

**COUNT XX**
**FAILURE TO PROMOTE**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

183.    Plaintiff re-alleges Paragraphs 1 through 182 and incorporates them by reference as Paragraphs 1 through 182 of Count XX of this Complaint.

184.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race and/or gender.

185.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI engaged in various severe and hostile actions against her causing her to be denied a rightly earned promotion to Detective First Grade as a result of her opposition to race and gender discrimination.

186.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY; JAMES COAN; DAVIN and ACRI, she suffered the indignity of race and gender discrimination and great humiliation.

187.    Plaintiff alleges that Defendants' Defendants' CITY; JAMES COAN; DAVIN and ACRI'S violations caused her damage.

## COUNT XXI
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-107

188.    Plaintiff re-alleges Paragraphs 1 through 187 and incorporates them by reference as Paragraphs 1 through 187 of Count XXI of this Complaint.

189.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

190.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI

discriminated against her because of her race.

191.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY; JAMES COAN; DAVIN and ACRI, she suffered the indignity of race discrimination and great humiliation.

192.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI'S violations caused her damage.

**COUNT XXII**
**GENDER DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

193.    Plaintiff re-alleges Paragraphs 1 through 192 and incorporates them by reference as Paragraphs 1 through 192 of Count XXII of this Complaint.

194.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

195.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI discriminated against her because of her gender.

196.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY; JAMES COAN; DAVIN and ACRI, she suffered the indignity of gender discrimination and great humiliation.

197.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI'S violations caused her damage.

**COUNT XXIII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

198.    Plaintiff re-alleges Paragraphs 1 through 197 and incorporates them by reference as Paragraphs 1 through 197 of Count XXIII of this Complaint.

199.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race and/or gender.

200.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

201.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI engaged in various retaliatory actions against her as a result of her opposition to race and gender discrimination and as a result of her filing such complaints with OEEO and the EEOC.

202.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY; JAMES COAN; DAVIN and ACRI, she suffered the indignity of race and gender discrimination and great humiliation.

203.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI'S violations caused her damage.

**COUNT XXIV**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

204.    Plaintiff re-alleges Paragraphs 1 through 203 and incorporates them by reference as Paragraphs 1 through 203 of Count XXIV of this Complaint.

205.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race and/or gender.

206.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where race and gender discrimination and/or retaliation are encouraged and/or tolerated.

207.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI engaged in various hostile actions against her as a result of her opposition to race and gender discrimination and as a result of her filing such complaints with OEEO and the EEOC.

208.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY; JAMES COAN; DAVIN and ACRI, she suffered the indignity of race and gender discrimination and great humiliation.

209.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI'S violations caused her damage.

**COUNT XXV**
**FAILURE TO PROMOTE**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

210.    Plaintiff re-alleges Paragraphs 1 through 209 and incorporates them by reference as Paragraphs 1 through 209 of Count XXV of this Complaint.

211.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race and/or gender.

212.    Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI engaged in various severe and hostile actions against her causing her to be denied a rightly earned promotion to Detective First Grade as a result of her opposition to race and gender discrimination.

213.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY; JAMES COAN; DAVIN and ACRI, she suffered the indignity of

race and gender discrimination and great humiliation.

214. Plaintiff alleges that Defendants' CITY; JAMES COAN; DAVIN and ACRI'S

violations caused her damage.

## JURY TRIAL

215. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff demands compensatory and punitive damages from

Defendants' CITY; JAMES COAN; DAVIN and ACRI jointly and severally, in an amount to be

determined at trial, plus any and all available statutory remedies, both legal and equitable, and

interests and costs.

Dated:  November 9, 2010
        Uniondale, NY

                                Respectfully submitted,

By:

                                Eric Sanders (ES0224)

                                The Sanders Firm,
                                Attorney for Plaintiff
                                626 RexCorp Plaza, 6th Floor
                                Uniondale, N.Y. 11556
                                516-522-2544 (Business Phone)
                                516-522-2699 (Facsimile)
                                Email:  esanders@thesandersfirmpc.com
                                        http://www.thesandersfirmpc.com